# Exhibit A

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM. Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Quincy E. Booth, # 321635
THE BOOTH FIRM
2081 Business Center Drive
Suite 100
Irvine, CA 92612
Phone: (267) 231-1195
quincy@theboothfirm.com

Paige Sparks, #72143MO
SPARKS LEGAL
1777 Washington Crossing, #1063
Washington, MO 63090
Phone: (636) 388-8285
paige@sparkslegal.org

*ATTORNEYS FOR PLAINTIFF*

| | | |
|---|---|---|
| JEANNIE ARCELIN, | ) | **COURT OF COMMON PLEAS** |
| | ) | **CUMBERLAND COUNTY** |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | Case No. |
| SCHNEIDER NATIONAL CARRIERS, INC. | ) | |
| d/b/a SCHNEIDER, | ) | Division |
| | ) | |
| Defendant. | ) | |

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Cumberland County Bar Association
32 S. Bedford St., Carlisle, PA 17013
717-249-3166

AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Cumberland County is required by law to comply with the Americans With Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the office of the Cumberland County Court Administrator, Cumberland County Courthouse, 1 Courthouse Sq. Rm 301, Carlisle, PA 17013, Telephone No. 717-240-6200 All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

- 1 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Jeannie Arcelin ("Plaintiff"), by and through undersigned counsel, and for her Petition, hereby states to this Honorable Court as follows:

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991, for Defendant Schneider National Carriers, Inc. d/b/a Schneider ("Defendant")'s refusal to accommodate Plaintiff's disability. As alleged with greater particularity below, Defendant refused to allow Plaintiff to have her trained service dog as a reasonable accommodation for her disability, even though it regularly allows other drivers to have service dogs and/or pets in their trucks while working. Defendant also constructively terminated Plaintiff by indefinitely removing her from the work schedule after it denied her request for reasonable accommodations for her disability.

## PARTIES

1.      Plaintiff is a natural person who resides, and at all times relevant herein resided, in the State of New Jersey.

2.      Defendant is, and at all times relevant herein was, a for-profit trucking company incorporated under the laws of and in good standing with the State of Pennsylvania, conducting continuous and systematic business in the state of Pennsylvania.

3.      For all relevant times herein, Defendant employed at least fifteen (15) employees.

4.      For all times relevant herein, Plaintiff was working out of Defendant's location, based out of 1 Schneider Drive, Carlisle, PA 17013.

- 2 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM. Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## JURISDICTION AND VENUE

5.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

6.     Defendant is incorporated in the State of Pennsylvania, giving this Court jurisdiction over all parties.

7.     Plaintiff's causes of action arise out of unlawful discriminatory and retaliatory practices that occurred, as alleged herein, at 1 Schneider Drive, Carlisle, PA 17013, where Plaintiff worked for Defendant.

8.     The acts or omissions that give rise to this cause occurred in Cumberland County, Pennsylvania and Plaintiff was damaged by Defendant in Cumberland County, Pennsylvania, making this the proper venue.

## ADMINISTRATIVE PROCEDURES

9.     The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

10.     On December 10, 2024, Plaintiff filed a Charge of Discrimination, Charge No. 524-2025-00693 (the "Charge") against Defendant with the Equal Employment Opportunity Commission (the "EEOC") for disability discrimination for failure to accommodate, and other similar claims.

11.     On June 20, 2025, the EEOC issued to Plaintiff a letter indicating the right to bring a civil action against Defendant within ninety (90) days of such notice (the "EEOC Notice of Right to Sue"). *See* **Exhibit A**.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12.     As part of the EEOC's investigation into Plaintiff's Charge, the EEOC engaged in communications with Defendant to provide Defendant with the opportunity to remedy its discriminatory practices against Plaintiff.

13.     This action is hereby commenced within ninety (90) days of the EEOC's issuance of Plaintiff's Notice of Right to Sue indicating the right to bring a civil action against Defendant within ninety (90) days of such notice.

14.     The aforementioned Charge provided the EEOC sufficient opportunity of at least 180 days to investigate the full scope of the controversy between Plaintiff and Defendant, and accordingly, the sweep of this action is within the broad scope that could reasonably be expected to have grown out of the Charge.

15.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the commencement of this action.

16.     This action is hereby timely filed within all applicable statutes of limitations related to the Charge.

17.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

18.     The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

19.     On October 21, 2024, Plaintiff began working for Defendant as a truck driver.

20.     Plaintiff suffers from Post Traumatic Stress Disorder and General Anxiety Disorder (collectively referred to herein as the "disability").

21.     Plaintiff is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §12102 and 12111(8).

- 4 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

22.     Plaintiff's disability substantially limits major life activities including, but not limited to, interacting with others, sleeping, brain function, and thinking.

23.     Plaintiff has a trained service dog to assist Plaintiff in coping with her disability and to maintain appropriate daily routine functions and social interactions at work and other functions.

24.     Plaintiff's service dog is specifically trained to perform deep pressure therapy, tactile stimulation and disruption during flare ups of her disability.

25.     Plaintiff's disability did not interfere with her job performance.

26.     Plaintiff was able to perform all essential duties of her job up until November 27, 2024, when Defendant removed Plaintiff from the work schedule.

27.     Prior to beginning employment for Defendant, Plaintiff requested the use of her service dog as a reasonable accommodation, and she provided correspondence from her doctor supporting her request.

28.     Defendant denied Plaintiff's request for accommodation. Defendant did not engage in any interactive process, and it did not provide any alternative accommodation.

29.     Plaintiff went through mandatory training from October 21, 2024, to November 25, 2024.

30.     Defendant denied Plaintiff the use of her service dog during the mandatory training period.

31.     As part of this denial, Defendant again failed to engage in any interactive process and provide any alternative accommodation.

32.     Plaintiff sometimes suffers from panic attacks as a symptom of her disability.

- 5 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

33.     Plaintiff's service dog detects and warns Plaintiff about an impending panic attack, allowing her to move to a safe place and practice other therapeutic techniques to alleviate the attacks, such as deep pressure.

34.     For all times relevant herein, Defendant was aware that Plaintiff had a service dog for assistance with her disability.

35.     Due to the lack of any accommodation provided, Plaintiff suffered a flare up during the mandatory training period, which required hospitalization.

36.     During her employment, several of Defendant's representatives referred to the service dog as Plaintiff's "pet."

37.     Plaintiff's service dog is not a "pet," and it is trained to perform a specific task related to Plaintiff's disability.

38.     Plaintiff's service dog is well-behaved, and it is not aggressive or otherwise disruptive in the workplace.

39.     Defendant's representatives informed Plaintiff several times that she could not have a service dog present because it would be in violation of Defendant's pet policy.

40.     Specifically, on or about November 18, 2024, Defendant informed Plaintiff that she could not drive with her service dog in the truck due to company policy.

41.     Defendant's company policy allows for some drivers to have their pets in the truck while driving.

42.     Allowing Plaintiff to have the service dog accompany her as a reasonable accommodation would not have posed an undue hardship or burden upon Defendant.

43.     Defendant refused to allow Plaintiff to have the service dog accompany her as a reasonable accommodation.

- 6 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44.     Defendant refused to reasonably accommodate plaintiff by modifying its pet policy to allow Plaintiff to have her service dog at work.

45.     Defendant also inquired into Plaintiff's private and unrelated medical information while considering her request for an accommodation.

46.     For example, on November 4, 2024, Defendant's Medical Compliance Manager, Stephanie Bostedt ("Bostedt") sent Plaintiff a letter requesting additional information in response to her request for accommodation.

47.     Bostedt asked for additional information about Plaintiff's private health information and the service dog.

48.     For example, Bostedt asked questions like when was Plaintiff first diagnosed with a disability, if Plaintiff tried alternative medical treatment, what triggers symptoms of Plaintiff's disability, how frequently Plaintiff goes to the doctor for her disability, how long Plaintiff's dog has been trained, details on how Plaintiff's service dog is trained, and "proof" that Plaintiff's service dog is registered or certified.

49.     There is no accredited national or state service dog registry or certification for trained service dogs.

50.     Plaintiff did her best to respond to Bostedt's questions, despite most of them being discriminatory and unlawful.

51.     On November 6, 2024, Bostedt sent Plaintiff a letter asking for additional information about Plaintiff's service dog.

52.     Bostedt again asked for specific details on when Plaintiff's service dog completed training and what type of specific "PTSD" training the service dog completed.

53.     Bostedt asked Plaintiff if the service dog was an emotional support animal.

- 7 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

54. Bostedt again asked Plaintiff for certification or other "proof" that Plaintiff's service dog is a service dog.

55. Plaintiff informed Bostedt that the service dog was not an emotional support animal, and she also responded to Bostedt's additional questions in an effort to receive an accommodation.

56. On November 14, 2024, Bostedt sent another letter question additional information about Plaintiff's service dog. In her letter, Bostedt referred to the service dog only as "dog," and asked how it specifically alerts Plaintiff.

57. Plaintiff responded with information for how the service dog alerts, and she stated that she required most aid at nighttime, but her need for accommodation is not exclusive to evening hours.

58. On November 18, 2024, Defendant, through Bostedt, denied Plaintiff's request for accommodation because it perceived her request for accommodation to be a "safety risk."

59. In support of its position, Defendant included untrue and unfounded hypothetical situations for examples for how it believed this accommodation was a safety risk.

60. Plaintiff had no safety violations during her employment.

61. In response to Defendant's concern that the service dog was a safety risk, Plaintiff offered to secure her service dog in a crate when the truck was not idle to mitigate Defendant's safety concerns.

62. Defendant would not allow Plaintiff to secure her service dog as offered to receive the accommodation, and it did not provide a comparable alternative accommodation.

63. One or more of Defendant's representatives constantly harassed Plaintiff about if her service dog was present while she was seeking an accommodation.

- 8 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

64.     This harassment included spontaneously stopping Plaintiff and inspecting Plaintiff and/or her truck.

65.     Upon information and belief, other similarly situated employees without disabilities or accommodations were not subject to Defendant's random searches and seizures.

66.     Defendant discriminated against Plaintiff by refusing to recognize Plaintiff's service dog as a reasonable accommodation, and by placing burdens upon Plaintiff's use of her service dog, including prohibiting her from having the service dog at Defendant's location, even in the office areas.

67.     By restricting Plaintiff's use of her service dog in these circumstances, Defendant made Plaintiff have to choose between being at an increased risk of a panic attack or not using the facility or truck.

68.     On November 20, 2024, Defendant again denied Plaintiff's request for reasonable accommodation of having the service dog present at work.

69.     As part of this denial, Bostedt's correspondence incorrectly stated that Plaintiff only needed accommodation at night, which is false.

70.     Defendant placed Plaintiff on indefinite, unpaid leave when it denied her request for accommodation.

71.     Defendant made no reasonable or timely effort to schedule Plaintiff to work after it placed her on indefinite, unpaid leave.

72.     Thus, Defendant constructively terminated Plaintiff's employment.

73.     On November 27, 2024, Defendant placed Plaintiff on indefinite, unpaid leave even though Plaintiff could perform all essential job duties of her position with and without the accommodation.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

74. Up until Defendant constructively terminated her employment on November 27, 2024, Plaintiff was performing all of her essential job duties without accommodation.

75. Plaintiff has not received a paycheck from Defendant since November 15, 2024.

76. Defendant unlawfully discriminated against Plaintiff by failing to accommodate her disability when she requested a reasonable accommodation for her disability.

77. Defendant failed to provide Plaintiff with the accommodation she requested, or any other comparable, alternative accommodation.

78. Defendant unlawfully interfered with Plaintiff's rights and protections under the ADA when one or more representatives of Defendant told Plaintiff she would have to leave her service dog at home and/or in a separate location other than at work.

79. The practices described above violate the ADA, Section 102(a), 42 U.S.C. 12112(a), because discrimination under the ADA includes not making reasonable accommodations to the known mental limitations of an otherwise qualified individual with a disability who is an employee.

80. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

81. The effect of the practices described above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and her opposition to discrimination.

82. Plaintiff was never written up or disciplined for any poor work performance or other disciplinary issue prior to her termination.

83. The unlawful employment practices described herein were intentional.

- 10 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

84. The unlawful employment practices described herein were done with malice or with reckless indifference to Plaintiff's state and federal rights.

85. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, and will in the future suffer irreparable damages, including but not limited to embarrassment, fear, humiliation, stress, and other garden variety emotional distress.

**COUNT I**
**DISABILITY DISCRIMINATION**

86. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

87. For all times relevant herein, Plaintiff had the disabilities of PTSD and General Anxiety Disorder (collectively referred to herein as the "disability").

88. Defendant was aware of Plaintiff's disability at the time she requested reasonable accommodations for the disability.

89. As a result, for all times relevant herein, Plaintiff was a member of one or more protected classes as contemplated by the ADA.

90. During her employment, Plaintiff requested the use of her trained service dog as a reasonable accommodation for her disability.

91. Defendant discriminated against Plaintiff on the basis of her disability by denying her request for reasonable accommodation.

92. Defendant discriminated against Plaintiff due to her disability when it refused to reasonably modify its pet policy to allow her to use her service dog at work.

93. At the time it denied her request for accommodation, Defendant allowed some other similarly situated drivers without disabilities to have their pet dogs in trucks.

- 11 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

94.     Plaintiff's disability did not interfere with her work performance for Defendant.

95.     Plaintiff worked without accommodation for her entire duration of employment for Defendant.

96.     Plaintiff did not have any safety concerns or violations reported during her employment.

97.     Defendant was an "employer" of Plaintiff for all times relevant herein, as defined by the ADA.

98.     During her employment, Plaintiff had never been written up or disciplined for any reason.

99.     After Plaintiff requested accommodations for her disability, one or more representatives of Defendant began harassing her almost daily and inspecting her truck to see if her service dog was present.

100.    Upon information and belief, Defendant did not subject any similarly situated employees without disabilities to this type of inspection.

101.    Defendant asked Plaintiff questions about her private medical history that were unrelated to her accommodation request when she requested an accommodation.

102.    Defendants denied Plaintiff's requests for reasonable accommodation of her disability several times.

103.    Defendant did not state what undue burden or hardship it would suffer if it approved Plaintiff's request for reasonable accommodation.

104.    Defendant did not state what undue burden or hardship it would suffer if it approved Plaintiff's request for reasonable accommodation, other than making up several unfounded hypothetical safety situations.

- 12 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

105.    At the time Defendant denied Plaintiff's accommodation request for these hypothetical safety concerns, it was actively allowing some other drivers to have their non-service dog pets in their trucks.

106.    On November 24, 2024, Plaintiff reported discrimination concerns to Defendant's management and Human Resources for the denied accommodation request.

107.    After November 27, 2024, Defendant stopped scheduling Plaintiff to work for Defendant after it denied her request for accommodation.

108.    Plaintiff suffered an adverse employment action when Defendant stopped scheduling Plaintiff to work because she stopped earning income.

109.    Prior to this constructive termination, Plaintiff engaged in no conduct to give rise to termination.

110.    Plaintiff could have continued working for Plaintiff without accommodation instead of being constructively terminated.

111.    Plaintiff's protected class as a woman with a disability was a motivating factor in Defendant's decision to terminate her employment.

112.    Defendant's termination of Plaintiff's employment was an adverse employment action, as defined by the ADA.

113.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and lost other monetary and non-monetary benefits as a result of being terminated by Defendant.

114.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

- 13 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

115. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as permitted by the ADA.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorneys' fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

**COUNT II**
**PERCEIVED DISABILITY DISCRIMINATION**

116. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

117. For all times relevant herein, Plaintiff had a disability.

118. As a result, for all times relevant herein, Plaintiff was a member of one or more protected classes as contemplated by the ADA.

119. Defendant was an "employer" of Plaintiff for all times relevant herein, as defined by the ADA.

120. For all times relevant herein, Plaintiff performed all essential job duties of her position while working for Defendant without accommodation.

121. Plaintiff requested reasonable accommodations for her disability several times during her employment.

122. On or about November 27, 2024, after denying Plaintiff's requests for accommodation, Defendant removed Plaintiff from the work schedule and stopped scheduling her to work altogether.

123. Defendant constructively terminated Plaintiff's employment by removing her from the work schedule and never scheduling her to work.

- 14 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

124. Defendant was aware of Plaintiff's disability at the time of her termination.

125. Defendant was specifically aware of Plaintiff's disability at the time of her termination because she had previously requested reasonable accommodations for her disability.

126. Defendant was specifically aware of Plaintiff's disability at the time of her termination because she had provided specific medical information, at Defendant's request.

127. Defendant discriminated against Plaintiff on the basis of her disability.

128. Defendant viewed Plaintiff as unsafe due to the requested accommodation for her disability.

129. Plaintiff's disability did not interfere with her work performance for Defendant.

130. During her employment, Plaintiff was never written up or disciplined by Defendant for any reason

131. Plaintiff was able to perform all essential job duties of her position at the time Defendant stopped scheduling her to work.

132. Plaintiff suffered an adverse employment action when Defendant stopped scheduling shifts for Plaintiff to work.

133. Prior to termination, Plaintiff engaged in no conduct to give rise to termination.

134. Plaintiff's protected class as woman with a disability was a motivating factor in Defendant's decision to terminate her employment.

135. Defendant's perception of Plaintiff's disability was a motivating factor in Defendant's decision to terminate her employment.

136. Defendant's termination of Plaintiff's employment was an adverse employment action, as defined by the ADA.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

137.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income and lost other monetary and non-monetary benefits as a result of being terminated by Defendant.

138.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

139.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by the ADA.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorneys' fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

## COUNT III
## RETALIATION

140.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

141.     For all times relevant herein, Defendant was aware that Plaintiff has a disability.

142.     As a woman with a disability, Plaintiff was a member of one or more protected classes as defined by the ADA.

143.     Plaintiff requested reasonable accommodation for her disability several times during her employment with Defendant.

144.     Specifically, Plaintiff requested the use of her trained service dog while working.

145.     Defendant denied all of Plaintiff's requests for accommodation.

- 16 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

146. Defendant did not state actual reasons for denying Plaintiff's request for accommodation.

147. For example, the final time it denied Plaintiff's request for accommodation, Defendant provided unfounded hypothetical safety concerns.

148. On November 24, 2024, Plaintiff engaged in protected activity during her employment with Defendant.

149. Plaintiff engaged in additional protected activity multiple times throughout the EEOC process.

150. Defendant never scheduled Plaintiff to work again after November 27, 2024.

151. On November 27, 2024, an adverse employment action was taken against Plaintiff when Defendant never scheduled her to work again.

152. Defendant constructively terminated Plaintiff's employment.

153. Defendant engaged in unlawful employment practices in violation of the ADA when it terminated Plaintiff after she engaged in protected activities.

154. A causal connection exists between the protected activity and the retaliation due to the short proximity in time between Plaintiff engaging in protected activities and being constructive terminated.

155. Upon information and belief, Plaintiff was terminated in retaliation for requesting reasonable accommodations for her disability.

156. The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities because of her disability.

157. Defendant's unlawful employment practice of terminating Plaintiff was intentional and with total disregard to the rights of Plaintiff, and others.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

158.    Defendant's unlawful employment practices of terminating Plaintiff were done with malice and/or reckless indifference to Plaintiff's state and federal protected rights.

159.    As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has been deprived of income, as well as the loss of other monetary and non-monetary benefits.

160.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other related damages.

161.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by the ADA.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for damages and attorneys' fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a **TRIAL BY JURY** in the Circuit Court of Cumberland County, Pennsylvania, as to any and all counts and/or allegations alleged in this Petition for Damages.

Dated: September 16, 2025

Respectfully submitted,

By:    */s/ Quincy E. Booth*
       Quincy E. Booth, # 321635
       THE BOOTH FIRM
       2081 Business Center Drive
       Suite 100
       Irvine, CA 92612
       Phone: (267) 231-1195
       quincy@theboothfirm.com

- 18 -

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

By:    */s/ Paige Sparks*
Paige Sparks, #72143MO
SPARKS LEGAL
1777 Washington Crossing, #1063
Washington, MO 63090
Phone: (636) 388-8285
paige@sparkslegal.org

*ATTORNEYS FOR PLAINTIFF*

- 19 -

# EXHIBIT A

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Boston Area Office
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/20/2025

**To:** Jeannie Arcelin
2025 zumbhel rd. #102
Saint Charles, MO 63303
Charge No: 524-2025-00693

EEOC Representative and email:     FENG AN
Investigator
hanh.nguyen@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 524-2025-00693.

On behalf of the Commission,

Digitally Signed By: Feng K. An
06/20/2025

Feng K. An
Area Office Director

Exhibit 1

Cc:
Chen G Ni
McGuireWoods LLP
77 W WACKER DR FL 41
Chicago, IL 60601

Incident Location
Schneider National Carriers, Inc. d/b/a Schneider
15 Jacobus Ave
Kearny, NJ 07032

Bethany C Wilson
Schneider National, INc.
3101 PACKERLAND DR
Green Bay, WI 54313

Paige M Sparks Esq.
Sparks Law Firm
1777 Washington Crossing #1063
WASHINGTON, MO 63090


Please retain this notice for your records.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 524-2025-00693 to the

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 524-2025-00693 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
CUMBERLAND _____ County

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

SECTION A    SECTION B

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
JEANNIE ARCELINE

Lead Defendant's Name:
SCHNEIDER NATIONAL CARRIERS, INC. )
d/b/a SCHNEIDER

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested:
(check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Quincy E. Booth, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

Case# 2025-09009-0 Received at Cumberland County Prothonotary on 09/17/2025 2:30 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

        (i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

        (ii)     actions for support, Rules 1910.1 et seq.

        (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

        (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

        (v)     actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

        (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)     At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)     The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)     The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)     A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)     The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.